UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
BLANCA LOPEZ HERNANDEZ,                                Civil Action No.

                    Plaintiff,

                                                                                                            COMPLAINT

           -against-

                                                                                           TRIAL BY JURY
                                                                                           DEMANDED
COMMERCIAL BUILDING MAINTENANCE
CORP., and OSCAR VASQUEZ, individually, and
JAVIER RAMIREZ, individually,

                    Defendants.
-----------------------------------------------------------------------X

BLANCA LOPEZ HERNANDEZ, by and through her counsel, McBreen & Kopko, as and for her Complaint against defendants Commercial Building Maintenance Corp. ("CBM"), Oscar Vasquez, individually, and Javier Ramirez, individually (collectively referred to as the "Defendants"), alleges, upon information and belief, as follows:

## NATURE OF THE ACTION

1. This is an action to recover for injuries suffered by plaintiff Blanca Lopez Hernandez resulting from defendants' intentional, willful or reckless acts of sexual harassment and discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and New York State Executive Law Article 15, Section 296 *et seq*. (the "New York State Human Rights Law").

2. Defendant CBM is, according to its website, "one of the largest and most respected commercial cleaning companies on the east coast." *See*, http://www.cbmbuildingservices.com.

3. Plaintiff, a maintenance employee, was required to provide cleaning services at the locations designated by her manager defendant Ramirez and worked under direct supervision of a male supervisor defendant Vasquez.

4. Defendants have maintained a hostile and discriminatory work environment in which plaintiff was subjected to unwanted touching and inappropriate and unwelcome lewd comments while at work.

5. Plaintiff ultimately had to resign from work unable to work in the above-described hostile environment.

6. Plaintiff seeks declaratory relief, compensatory and punitive damages, attorney's fees and costs, and other appropriate legal and equitable relief pursuant to Title VII and the New York State Human Rights Law.

## THE PARTIES

7. Plaintiff is an individual residing in Nassau County in the State of New York.

8. Plaintiff was defendant CBM's employee within the meaning of 42 U.S.C. § 2000e(f) and the New York State Human Rights Law § 292(6).

9. Upon information and belief, defendant CBM is a domestic corporation with a principal place of business at 200 Oak Drive, Syosset, New York in Nassau County.

10. At all relevant times, defendant CBM has continuously had at least 15 employees.

11. At all relevant times, defendant CBM has continuously been an employer engaged in an industry affecting commerce within the meaning of the sections 701(b), (g) and (h) of Title UII. 42 U.S.C. § 2000e(b), (g) and (h).

12. At all relevant times, defendant CBM has continuously been an employer within the meaning of the New York State Human Rights Law § 292(5).

13. Upon information and belief, defendant Oscar Vasquez is an individual residing in the State of New York.

14. At all relevant times, defendant Vasquez was CBM's employee and agent within the meaning of 42 U.S.C. § 2000e(f) and the New York State Human Rights Law § 292(6).

15. At all relevant times, defendant Vasquez was a supervisor of the plaintiff.

16. Upon information and belief, defendant Javier Ramirez is an individual residing in the State of New York.

17. At all relevant times, defendant Ramirez was CBM's employee and agent within the meaning of 42 U.S.C. § 2000e(f) and the New York State Human Rights Law § 292(6).

18. At all times pertinent hereto, defendant Ramirez was a manager at defendant CBM, and a supervisor of both plaintiff and defendant Vasquez.

## JURISDICTION AND VENUE

19. This Court has original jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, and has supplemental jurisdiction over plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

20. This Court has personal jurisdiction over defendants because the injuries of employment discrimination, retaliation, and unlawful termination have been and will be felt in New York where plaintiff resides; because defendant CBM is a domestic corporation; and because defendants Vasquez and Ramirez currently reside in and/or resided in New York during the relevant period.

21. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the events giving rise to the claim occurred in this District and because

defendants were subject to personal jurisdiction in this District at the time the action was commenced.

## ADMINISTRATIVE PROCEEDURES

22. On September 2, 2015, plaintiff filed a verified complaint with the New York State Division of Human Rights (the "NYSDHR") charging CBM with unlawful discriminatory employment practices. See Exhibit A.

23. The charge was also filed with the Equal Employment Opportunity Commission (the "EEOC") under Title VII.

24. On September 18, 2015, defendant CBM filed its Response to plaintiff's complaint with the NYSDHR.  See Exhibit B.

25. On December 9, 2015, at plaintiff's request, the NYSDHR issued a Determination of Order of Dismissal for Administrative Convenience, dismissing the administrative complaint to permit plaintiff to pursue a complaint in federal court. See Exhibit C.

26. On March 17, 2015, at Plaintiff's request, the EEOC issued a Dismissal and Notice of Rights, dismissing the administrative complaint to permit plaintiff to pursue a complaint in federal court. See Exhibit D.

27. This action is being commenced within 90 days of receipt of said Dismissal and Notice of Rights.

## FACTUAL BACKGROUND

28. On or about July 2, 2014, plaintiff commenced her employment with defendant CBM as a maintenance employee.

29. Plaintiff was assigned to work at Hebrew Academy of Nassau County at Uniondale, New York.

30. Defendant Vasquez was plaintiff's immediate site supervisor. Defedant Vasquez introduced himself to the plaintiff as "Oscar Velasquez."

31. Immediately upon starting at her new position, plaintiff was subjected to various forms of sexual harassment by her direct supervisor defendant Vasquez.

32. Defendant Vasquez repeatedly said to the plaintiff that she was "beautiful" and that he was attracted to her. Said remarks were unwanted and unwelcome.

33. On July 21, 2014, plaintiff complained about defendant Vasquez to CBM Manager, defendant Ramirez. Defendant Ramirez ignored plaintiff's complaints.

34. In September, 2014, defendant Vasquez began to follow the plaintiff, turn off the lights on the plaintiff when she was cleaning the restrooms, "brush up" against the plaintiff, touch her, and slap and pinch her buttocks.

35. For months plaintiff continued working under these hostile conditions under constant fear that defendant Vasquez would sexually harass and/or assault the plaintiff.

36. On July 25, 2015, plaintiff again complained to defendant Ramirez about defendant Vasquez. Mr. Ramirez stated to the plaintiff that he did not want to terminate anyone's job and that defendant Vasquez and plaintiff "had to learn to work together."

37. No other actions were taken by defendant Ramirez in response to plaintiff's complaints.

38. Defendant Vasquez, with defendant Ramirez' knowledge, sexually harassed the plaintiff and created an intimidating, hostile and offensive work environment that made it virtually impossible for Plaintiff to continue her employment with defendant CBM, all of which caused her psychological and physiological stress and injury.

39. Unable to tolerate the unwelcome sexual advances by her supervisor defendant Vasquez, plaintiff believed that she could no longer return to work and she felt that the working conditions were so unbearable that she would rather quit than suffer further abuse. Accordingly, plaintiff was constructively discharged.

40. At or about the same time, defendant Vasquez harassed and intimidated plaintiff's gay co-worker Rodolfo Aguilar, who, upon information and belief, also complained of Mr. Vasquez' behavior to Mr. Ramirez, and who also had to leave his employment due to the hostile environment created by Mr. Vasquez.

41. Defendants Ramirez and CBM knew or should have known that defendant Vasquez sexually harassed the plaintiff and created an intimidating, hostile and offensive work environment, and otherwise created or allowed an environment to be created that made it virtually impossible for Plaintiff to continue her employment with defendant CBM, all of which caused her psychological and physiological stress and injury.

42. Despite knowing of the defendant Vasquez' disposition, defendants Ramirez and CBM placed plaintiff under Mr. Vasquez' direct supervision and failed to take action to protect plaintiff after she complained of sexual harassment.

43. While defendants Ramirez and CBM knew of defendant Vasquez' conduct, they failed to take any immediate and appropriate corrective actions.

44. Defendants' sexual harassment and/or comments were constant, severe, and pervasive.

45. Defendants acted with malice and reckless indifference to plaintiff's rights under Title VII and the New York State Human Rights Law.

46. As a result of the acts and conduct complained of herein, plaintiff has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

## AS AND FOR A FIRST CAUSE OF ACTION
(42 U.S.C. § 2000e-2(a)(1) – Discrimination Based on Sex – Against Defendant CBM)

47. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-46 of this Complaint, as though fully stated herein.

48. Pursuant to 29 C.F.R. § 1604.11(a),

(a) Harassment on the basis of sex is a violation of section 703 of title VII. Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.

49. Section 703(a) of Title VII, states in relevant part:

It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin….
42 U.S.C. § 2000e-2(a)(1).

50. As set forth above, defendants violated Title VII by discriminating against plaintiff because of her sex.

51. Defendants discriminated against the plaintiff on the basis of sex and eventually caused her to terminate her employment, and, as a result, plaintiff suffered lost wages and benefits, loss of reputation, and emotional and psychological pain and distress.

7

52. As a result of defendants' unlawful conduct, defendants are liable to plaintiff for, *inter alia*, punitive damages under Title VII.

AS AND FOR A SECOND CAUSE OF ACTION
(New York State Human Rights Law § 296(1)(a) – Discrimination – Against All Defendants)

53. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-52 of this Complaint, as though fully stated herein.

54. The New York State Human Rights Law § 296(1)(a) states in relevant part:

> It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

55. As set forth above, defendants violated the New York State Human Rights Law by discriminating against plaintiff in terms and conditions of employment on the basis of her sex.

56. As set forth above, defendants Vasquez and Ramirez were personally involved in the acts of discrimination against plaintiff.

57. Further, as set forth above, defendant Ramirez knew or should have known of Mr. Vasquez' disposition due to plaintiff's complaints and due to complaints by plaintiff's co-worker Rodolfo Aguilar.

58. Defendants discriminated against the plaintiff on the basis of sex and eventually caused her to terminate her employment, and, as a result, plaintiff suffered lost wages and benefits, loss of reputation, and emotional and psychological pain and distress.

## AS AND FOR A THIRD CAUSE OF ACTION
(New York State Human Rights Law § 296(6) – Aiding and Abetting – Against Defendants Vasquez and Ramirez)

59. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-56 of this Complaint, as though fully stated herein.

60. The New York State Human Rights Law § 296(6) states in relevant part:

> It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so.

61. As set forth above, defendants Vasquez and Ramirez aided and abetted in discrimination against plaintiff in the terms and conditions of her employment on the basis of her sex in violation of the New York State Human Rights Law.

62. Further, as set forth above, defendant Ramirez knew or should have known of Mr. Vasquez' disposition due to plaintiff's complaints and due to complaints by plaintiff's co-worker Rodolfo Aguilar.

63. Defendants aided and abetted in discrimination of the plaintiff on the basis of sex and eventually caused her to terminate her employment, and, as a result, plaintiff suffered lost wages and benefits, loss of reputation, and emotional and psychological pain and distress.

WHEREFORE, plaintiff respectfully prays to this Court for the following relief:

A. Declaring that the acts and practices complained of herein are in violation of Title VII, 42 U.S.C. § 2000e-2, and the New York Human Rights Law §296;

B. Awarding plaintiff compensatory damages, including lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment

of life, injury to reputation, and other damages, in an amount to be determined at trial;

C. Awarding plaintiff punitive damages, in an amount to be determined at trial;

D. Awarding plaintiff attorney's fees, costs, and expenses incurred in the prosecution of this action; and

E. Awarding plaintiff such other and further relief as this Court may deem just and equitable.

## JURY DEMAND

Plaintiff hereby demands and requests a trial by jury on all issues so triable.

Dated: Jericho, New York
June 15, 2016

                                        McBreen & Kopko

                                        /s/ *Richard A. Auerbach*
                                        Richard A. Auerbach (RA8684)
                                        Attorneys for Plaintiff
                                        500 N. Broadway, Suite 129
                                        Jericho, New York 11753
                                        (516) 364-1095
                                        Rauerbach@mklawnyc.com